UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JA-RON S. TEAGUE                                                                                          PETITIONER

v.                                                                                              NO. 3:09-CV-P749-S

COMMONWEALTH OF KENTUCKY                                                                    RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court for preliminary review of Ja-Ron S. Teague's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. following § 2254. The Court will dismiss the petition without prejudice.

Petitioner sues the Commonwealth of Kentucky and requests that this Court dismiss a pending indictment and order other things, such as "public mental health assistance."[1] Petitioner asserts eleven grounds in support of the petition, only one of which mentions federal law, namely, "Double/former jeopardy, excessive bails, fines and cruel and unusual punishment inflicted and equal protection and due process violations."[2] The supporting allegations, if they can be described as such, are not intelligible and at best conclusory.

Rule 4 authorizes *sua sponte* dismissal of habeas petitions which upon preliminary review plainly lack merit. Several grounds for dismissal are present. First, Petitioner has not named a proper respondent, a state officer who has custody. *See* Rule 2. Second, Petitioner has failed to conform to basic pleading standards, even under the leniency afforded to *pro se* litigants. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that "the 'leniency

---

[1] Pet. at doc. 1-2, p. 11.

[2] Pet. at doc 1-2, p. 5.

standard' has still required basic pleading standards" and that "liberal construction does not require a court to conjure allegations on a litigant's behalf.")

Third, although the first and second defects may be cured with an opportunity to amend the petition, the Court lacks subject matter jurisdiction to grant the type of relief requested, dismissal of the indictment, in a petition under § 2254, which in a rare point of clarity, Petitioner describes as attacking "no conviction, but Jefferson County Division 11," whose judgment of conviction is "n/a, still pending."[3] *See* § 2254(a) (prescribing relief from "custody pursuant to the judgment of a State court" in violation of federal law).

Fourth, it is further clear the petition fails to satisfy the statutory prerequisite to seeking relief under § 2254, exhaustion of available state remedies. § 2254(b), (c). Petitioner has the right to raise his complaints in state court and must do so before seeking relief in federal court.

The Court will enter a separate order consistent with this opinion.

### Certificate of Appealability

Before seeking an appeal, § 2253 requires a petitioner to make a substantial showing of the denial of a constitutional right. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The court concludes no jurists of reason would find debatable that the petition plainly lacks merit, including the failure to satisfy the requirement that Petitioner exhaust available state remedies.

DATE:

Copies to: Petitioner, *pro se*
4411.007

---

[3]Pet. at p. 1.